UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>STEVEN C. NAGY, et al.,<br><br>        Defendants. | CASE NO. C11-5066BHS<br><br>ORDER DENYING DEFENDANTS' SEPARATE MOTIONS TO DISMISS |

This matter comes before the Court on Defendants' ("Mr Nagy" and "Ms. Nagy")[1] separate motions to dismiss (Dkts. 5, 6). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY & FACTUAL BACKGROUND

This action arises out of unpaid tax assessments that the United States seeks to have reduced to judgment; the United States also seeks to foreclose on the Nagys' real property. *See* Complaint (Dkt. 1). On March 24, 2011, Mr. and Ms. Nagy filed separate motions to dismiss Plaintiff's (the "United States") complaint to reduce federal tax assessments to judgment. Dkts. 5, 6. On March 10, 2011, the United States responded in opposition to both motions to dismiss. Dkts. 7, 8. The Nagys did not reply.

---

[1] Mr. Nagy and Ms. Nagy are husband and wife, *see, e.g.,* Complaint (Dkt. 1). However, at this point they are filing separately. *See, e.g.,* Dkts. 5, 6 (separate motions to dismiss).

ORDER - 1

## II. DISCUSSION

To begin with, the Nagy's separate motions to dismiss and the United States' responses in opposition are nearly identical in every respect. One key difference between Mr. and Ms. Nagy is that Ms. Nagy claims to be an innocent spouse. *See* Dkt. 6 at 2. Because neither motion differs from the other in any material respect for purposes of determining the merits of their motions, the Court will address both motions in this order. Unless the Court specifies otherwise, what is stated herein applies to both motions equally.

### A.   Rule 12 Standard

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations in the complaint are taken as admitted and the complaint is construed in a plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### B.   The Nagys' Motions to Dismiss

The Nagys move to dismiss the United States' complaint on the basis that (1) the United States failed to produce sufficient evidence on which to support its claim; (2) the statute of limitations has expired on the United States' action against the Nagys; and (3)

the United States failed to perfect their tax liens against the Nagys' real property (the "subject property"). Additionally, the Nagys request early settlement, in the event the Court grants their motions to dismiss. *See* Dkts. 5, 6.

### 1. Pleading Deficiency

The Nagys have not established that the United States' complaint is deficient. *See* Fed. R. Civ. P. 8 (requiring only a short and plain statement upon which relief can be granted). Taking the facts alleged as true, which the Court must, the Complaint (Dkt. 1) sufficiently alleges claims upon which relief could be granted, presuming the United States ultimately prevails in this action.

To the extent the Nagys base their motions to dismiss on the basis that the United States has failed to proffer evidentiary proof of the validity of their claims, such argument cannot form the basis of their motions to dismiss. At the pleading stage, a party need not supply evidence to support its complaint nor establish that it will ultimately prevail on the claims alleged. *See, e.g.,* Fed. R. Civ. P. 8; *Twombly*, 550 U.S. at 555-557 (2007).

Therefore, the Court denies the Nagys' motions to dismiss on this issue.

### 2. Statute of Limitations

The IRS (Internal Revenue Service) "generally has ten years from the assessment of a tax to collect the outstanding liability." *Severo v. C.I.R.*, 586 F.3d 1213, 1215 (9th Cir. 2009) (citing U.S.C. § 6502(a)(1)). Here, the IRS issued its earliest, relevant tax assessment to Mr. Nagy on February 19, 2001, and the United States filed the instant suit on behalf of the IRS on January 25, 2011. Because, the United States commenced this action within the 10-year limitations period, its action against the Nagys is not barred by the statute of limitations.

Therefore, the Court denies the Nagys' motions to dismiss on this issue.

### 3. Imperfect Lien

The Nagys contend that this action must be dismissed because the United States failed to attach documents showing a lien against the subject property. In opposition, the United States correctly points out that it made the following allegations in its complaint: (1) "statutory liens for unpaid federal taxes arose in favor of the United States . . . as of the dates of all the assessments," to include the Nagys' property; (2) notice of the tax liens were filed in accord with 26 U.S.C. § 6323(f); and (3) these tax liens continue to attach to the real property at issue. Complaint ¶¶ 14-17, 19.

In Washington, federal tax liens that encumber real property are perfected by filing in the recorder's office of the county where the real property is located. *See* 26 U.S.C. § 6323(f)(1)(A)(I); RCW § 60.68.015. Here, the subject property is located in Clallam County, which is where the IRS filed its liens. Complaint ¶ 5 (providing the location of the real property subject to the foreclosure action).

Because the United States has sufficiently alleged facts that would establish that it properly recorded its tax liens against the subject property, the Court denies the Nagys' motions to dismiss on this issue.

### 4. Early Settlement

Because the Nagys' request for early settlement is dependent on succeeding in their separate motions to dismiss, the request is denied.

## III. ORDER

Therefore, it is hereby **ORDERED** that the Nagys' motions to dismiss (Dkts. 5, 6) are **DENIED**.

DATED this 31st day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4