UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | CASE NO. C11-5066BHS |
| v. | |
| STEVEN C. NAGY, et al., | ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME |
| Defendants. | |

This matter comes before the Court on Defendants' (the "Nagys") motions for continuance (Dkt. 10) and extension (Dkt. 20) of the Court's initial scheduling order (Dkt. 4). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

On April 15, 2011, the Nagys moved the Court to continue the initial scheduling order. Dkt. 10. On April 20, 2011, Plaintiff (the "United States") responded in opposition to the motion. Dkt. 11. On May 6, 2011, the Nagys replied.[1]

The Nagys' motion to continue (Dkt. 10) is more properly characterized as a motion for extension of time to comply with the initial scheduling order (Dkt. 4), and the

---

[1] The Nagys' response is styled as a "motion for extension of time"; however, the motion is simply attempting to accomplish the same result as their prior motion to continue. *Compare* Dkt. 10 *with* 20. The Court terminates the motion for extension (Dkt. 20) and treats it as a reply to the motion to continue (Dkt. 10).

ORDER - 1

Court treats it as such. The Nagys contend that the United States does not oppose their motion for extension. However, the Nagys mischaracterize the United States' response. Although the United States does not oppose having a longer than typical discovery period,[2] the United States does oppose extending the initial scheduling order deadlines. Dkt. 11 at 2.

Because the Nagys are proceeding *pro se*, the Court will generally grant some latitude. Here, the Nagys request the Court to extend the dates in its initial scheduling order for about three months. Such an extension is excessive, given the administrative nature of the Court's initial scheduling order. *See* Dkt. 4 (setting initial deadlines). However, a one-month extension is appropriate at this time.

Therefore, the Nagys' motion for extension (Dkt. 10) is hereby **GRANTED**. The initial scheduling order deadlines shall be extended by one month as follows:

1. FRCP 26f Conference deadline is **June 8, 2011**;
2. Initial Disclosure deadline is **June 22, 2011**; and
3. Joint Status Report due by **June 28, 2011**.

DATED this 10th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

---

[2]The parties are encouraged to determine and submit to the Court an appropriate proposed discovery schedule within their joint status report, to be filed in accord with the order herein.

ORDER - 2