UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

STEVEN C. NAGY, aka STEPHEN C. NAGY, et al.,

        Defendants.

CASE NO. C11-5066BHS

ORDER STRIKING DEFENDANTS' MOTION TO DISMISS SULTAN TRUST ESTATES

This matter comes before the Court on Defendant Stephen C. Nagy's ("Nagy") motion to dismiss Defendant Sultan Estates Trust (Dkt. 24) and Plaintiff's (the "United States") motion to dismiss Nagy's motion to dismiss Sultan Trust Estates (Dkt. 28). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby strikes Defendants' motion to dismiss (Dkt. 24) for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The United States brought this action to reduce the income tax liabilities of Nagy to judgment and to foreclose federal tax liens upon certain of his real property. *See* Complaint (Dkt. 1) at 2. On February 23, 2011, the United States also served Sultan Estates Trust through service of the summons and complaint to Nagy and Lilian Nagy, trustees for Sultan Estates Trust. *See* Dkts. 14, 26.

On June 15, 2011, Defendants filed a motion to dismiss Sultan Trust Estates. Acting pro se, Nagy authored and submitted the motion to dismiss to the Court. *See* Dkt. 24 (signed by Nagy). On June 30, 2011, the United States responded in opposition. Dkt. 27. Defendants did not reply.

ORDER - 1

On the same day, the United States filed a motion to strike Defendants' motion to dismiss. Dkt. 28. No additional briefing has been filed on this motion.

## II. DISCUSSION

Nagy is not a lawyer and appears in this matter pro se. The United States argues that these facts prevent Nagy from representing the Sultan Trust Estates. On that basis, the United States moves to strike Nagy's motion to dismiss.

The general rule in federal litigation is that a non-attorney can represent himself on his own behalf. *See* 28 U.S.C. § 1654 (stating that "[i]n all courts of the United States the parties may plead and conduct their own cases . . . ."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). However, although an individual has the right to represent himself, an individual does not have the right to appear on behalf of anyone other than himself. *C.E. Pope Equity Trust*, 818 F.2d at 697 (citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)); *see also Knoefler v. United Bank of Bismark*, 20 F.3d 347 (8th Cir. 1994) (citing *C.E. Pope Equity Trust*, and holding that pro se purported trustees had no right to represent trusts). The Ninth Circuit Court of Appeals has permitted motions to strike and motions to dismiss pleadings filed by pro se parties on behalf of entity defendants such as trusts. *C.E. Pope Equity Trust*, 818 F.2d at 698.

Further, pursuant to this Court's local rules, "[a] business entity, except a sole proprietorship, must be represented by counsel." General Rule 2(g)(4)(B). Case law within the Ninth Circuit is in accord. It is well-settled that "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (acknowledging that courts have held that the rationale for the rule requiring that corporations appear in federal court through an attorney "applies equally to all artificial entities"); *Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986) (applying rule to unincorporated associations).

The rule requiring entity defendants to appear only through counsel applies equally to partnerships. As to business entities taking the form of partnerships, the Ninth Circuit Court of Appeals has held that a partnership is the sort of entity that may appear only by an attorney. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (holding that it is "a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney" and applying that rule to partnerships) (citation omitted).

Similarly, the rule requiring entity defendants to appear only through counsel applies to trusts. *C.E. Pope Equity Trust*, 828 F.2d at 698 (holding that even a party's status as trustee does not include the right to present pro se arguments in federal court. Further, and more specifically, while Federal Rule of Civil Procedure 17(a) authorizes a trustee of an express trust to sue on behalf of the trust without joining the trust beneficiaries, it does not authorize the trustee to proceed pro se. *Id.*; *see also Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) ("a trust can only be represented by an attorney in federal court") (emphasis in original) (citing *C.E. Pope Equity Trust*, 828 F.2d at 697 and 28 U.S.C. § 1654).

Nagy has not provided the Court with adequate authority on which to permit him to proceed pro se on behalf of Sultan Trust Estates. As such Defendants' motion to dismiss is not properly before the Court.

### III. ORDER

Therefore, it is hereby **ORDERED** that the United States' motion to strike (Dkt. 28) is **GRANTED** and Defendants' motion to dismiss (Dkt. 24) is **STRICKEN**.

DATED this 10th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3