UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVEN C. NAGY AKA STEPHEN C. NAGY; LILIAN NAGY; STEPHEN C. NAGY AS TRUSTEE FOR SULTAN ESTATES TRUST; LILIAN NAGY AS TRUSTEE FOR SULTAN ESTATES TRUST,<br><br>        Defendants. | CASE NO. C11-5066 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS |

This matter comes before the Court on the United States of America's ("Government") motion for sanctions (Dkt. 42) and Defendant Stephen Nagy's motion to stay pending document requests (Dkt. 41). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Mr. Nagy's motion to stay and grants the Government's motion for sanctions for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On January 25, 2011, the Government filed a complaint against Defendants Stephen Nagy, Lilian Nagy, and Mr. and Mrs. Nagy, as Trustees for the Sultan Estates Trust to foreclose federal tax liens upon certain real property of Mr. Nagy. Dkt. 1.

On April 19, 2012, the Government filed a motion to compel asserting that Mr. and Mrs. Nagy "have refused to meaningfully participate in the discovery process . . . ." Dkt. 38 at 2. Mr. and Mrs. Nagy did not respond. On May 15, 2012, the Court granted the motion to compel. Dkt. 40.

On May 29, 2012, Mr. Nagy filed a motion to stay pending discovery of documents requested under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Dkt. 41. On June 11, 2012, the Government responded. Dkt. 44. On June 14, 2012, Mr. Nagy responded. Dkt. 48.

On June 8, 2012, the Government filed a motion for sanctions asserting that Mr. and Mrs. Nagy had failed to comply with the Court's order granting the Government's motion to compel (Dkt. 40) and that they had failed to attend their scheduled depositions. Dkt. 42. Mr. and Mrs. Nagy did not respond.

## II. DISCUSSION

**A.     Motion to Stay**

Mr. Nagy requests a stay of this proceeding pending responses to his FOIA requests to various federal agencies. Dkt. 41. Mr. Nagy, however, fails to show how any of the material requested relates to the issues before the Court. Mr. Nagy merely engages in a diatribe regarding government corruption and officials without valid certifications.

ORDER - 2

Mr. Nagy also alleges that members of this Court have committed and continue to commit multiple violations of the federal criminal statutes. Dkt. 48 at 7. These allegations are completely frivolous and wholly without merit. A stay of this proceeding is not warranted. Therefore, the Court denies Mr. Nagy's motion to stay.

**B.     Motion for Sanctions**

As a threshold matter, neither Defendant responded to the Government's motion. Under the Local Rules, the Court may consider the failure to respond as an admission that the motion has merit. Local Rule CR 7(b)(2). This consideration is particularly appropriate in this case because Mr. and Mrs. Nagy's failure to respond to the instant motion supports the Government's assertion that they have also failed to appropriately participate in discovery or comply with previous orders of the Court.

With regard to the merits of the motion, if a party fails to comply with a court order regarding discovery or fails to attend a scheduled deposition, the Court may enter default judgment against that party. Fed. R. Civ. P. 37.

In this case, the Government requests that the Court enter default judgment against Mr. and Mrs. Nagy as sanctions for their failure to participate in discovery. The Government has submitted admissible evidence that Mr. and Mrs. Nagy (1) failed to comply with the previous Court order to compel and (2) failed to attend their scheduled depositions. *See* Dkt. 43. The Court finds that (1) these are serious discovery violations, (2) it is unlikely, based on previous conduct, that Mr. or Mrs. Nagy will respond to less drastic sanctions, and (3) it is also unlikely that less drastic sanctions would lead to a determination of this matter on the merits because Mr. Nagy is preoccupied with his

theory of government corruption as opposed to any legitimate defense to the allegations that he failed to pay his taxes. Therefore, the Court grants the Government's motion for sanctions and default judgment shall be entered against Mr. and Mrs. Nagy.

With regard to the details of the default judgment, the Court directs the Government to file a proposed order. Although the Government requested specific terms in its motion (Dkt. 42 at 9–10), the proposed order is general and concludes with the statement that the Government "shall file a proposed judgment and proposed order of sale of the real property at issue in this suit within 14 days of entry of this order." Dkt. 42–1 at 2. The Court finds that a more detailed judgment and order is appropriate.

## III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion for sanctions (Dkt. 42) is **GRANTED** and **JUDGMENT** shall be entered against Mr. and Mrs. Nagy. The Government shall file a proposed judgment and order of sale by August 3, 2012.

Dated this 20th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge