UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>STEPHEN C NAGY, et al.,<br><br>            Defendant. | CASE NO. C11-5066 BHS<br><br>ORDER ON MOTION TO RECUSE |

On July 20, 2012, U.S. District Judge Benjamin Settle entered an order granting default judgment in favor of Plaintiff in the above-entitled litigation as a sanction against Defendants for their ongoing refusal to participate in pretrial discovery as ordered by the court. Dkt. No. 50. Defendants responded by filing a Motion to Recuse and or Mistrial. Dkt. No. 53.

Pursuant to Local General Rule 8(c), Judge Settle reviewed Defendants' motion, declined to recuse himself voluntarily, and referred the matter to the undersigned. Dkt. No. 54. Defendants' motion is therefore ripe for review by this Court.

Having reviewed the record in the above-entitled matter, the Court finds no grounds requiring Judge Settle to recuse himself and DENIES the motion.

ORDER ON MOTION TO RECUSE- 1

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which her impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Reviewing Defendants' motion and accompanying documentation, it is impossible to escape the conclusion that Defendants are displeased with Judge Settle's refusal to rule in their favor on the procedural motions they have propounded in an attempt to delay or derail the

lawsuit filed against them. They have questioned the legitimacy of the authority of Judge Settle, the Clerk of the Court, and the government attorney charged with prosecuting the case against them. They are entitled to their beliefs and their legal theories and they are entitled to ask the Ninth Circuit Court of Appeals to overturn Judge Settle's rulings on any legitimate grounds they can articulate; what they are not entitled to is having Judge Settle removed from the case because they disagree with his rulings.

A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, Defendants would have to show that facts outside the record influenced decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Defendants do not allege any facts outside the record that improperly influenced the decisions in this matter. This Court is not persuaded by Defendants' legal arguments, and a review of Judge Settle's rulings in this matter reveals no orders that were so outlandish or irrational as to give rise to an inference of bias.

Defendants may disagree with Judge Settle's rulings and question the legitimate authority of the participants in this legal process, but that is a basis for appeal, not recusal. As Defendants have cited no extrajudicial source of bias, the Court finds that Judge Settle's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiff's request for recusal is DENIED.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Defendants' motion for Judge Settle to recuse himself voluntarily.

The Clerk of the Court shall send a copy of this Order to Defendants and to counsel who have appeared in this action.

DATED this  30th   day of July, 2012.

Marsha J. Pechman
Chief United States District Judge