UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN C. NAGY, aka STEPHEN C. NAGY; LILIAN NAGY; STEPHEN C. NAGY as Trustee for Sultan Estates Trust; LILIAN NAGY, as Trustee for Sultan Estates Trust,

Defendants.

CASE NO. C11-5066 BHS

ORDER DENYING DEFENDANTS' OBJECTIONS, MOTION FOR HEARING, AND MOTION FOR APPEAL

This matter comes before the Court on Defendant Stephen C. Nagy's ("Mr. Nagy") objection to the Government's proposed order of foreclosure and judicial sale (Dkt. 55), Mr. Nagy and Lilian Nagy's ("Mrs. Nagy") motion for a hearing (Dkt. 58), and Mr. and Mrs. Nagy's motion for appeal (Dkt. 62).

On June 26, 2012, the Court granted the Government's motion for default judgment against Mr. and Mrs. Nagy based on numerous discovery violations. Dkt. 49. The Government submitted a proposed order of foreclosure and judicial sale of Mr. and

Mrs. Nagy's home to compensate the Government for Mr. Nagy's unpaid taxes. Dkt. 52. Mr. Nagy filed an objection to the proposed order and submitted a commercial security agreement that purports to transfer all of Mr. Nagy's rights in the home to a "Juristie Person/Strawman/Dummy Corporation." Dkt. 55. The agreement was supposedly entered into on December 13, 1945, yet Mr. Nagy signed the agreement on December 16, 2011. *Id.* Even if the document was authentic, Mr. Nagy has failed to show how his "proof of claim" is a valid objection to the Government's foreclosure. Therefore, the objection is **DENIED**.

With respect to the motion for a hearing, Mr. and Mrs. Nagy's submissions are irrelevant and untimely. They have submitted a letter from a disbarred attorney explaining why federal income taxes are illegal and Mr. Nagy's service record. Neither of these documents overcomes the failure to cooperate during discovery and the Court is not persuaded that a hearing should be held to discuss any additional responses. Therefore, the Court **DENIES** the motion for a hearing.

With respect to the motion for appeal, the motion appears to consist of two requests. The first request seems to be an extension of time to file an appeal. Mr. and Mrs. Nagy have 60 days from the entry of judgment, or until September 29, 2012, to file an appeal because the United States is a party. RAP 4(a)(1)(B)(i). Therefore, the Court denies the request to grant an extension of time to appeal.

The second part of the motion appears to be an offer of settlement with the Government for the original amount of alleged unpaid taxes. Mr. Nagy proposes a 30-

1 | year loan at 5% interest to pay this amount.  The Court has no authority to consider or
2 | grant this request.  Therefore, the Court **DENIES** the motion for appeal.
3 |      **IT IS SO ORDERED.**  The Clerk is directed to close this case.
4 | Dated this 5th day of September, 2012.

*(signature)*

BENJAMIN H. SETTLE
United States District Judge